**David AVERY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4440.**

Supreme Court of Alaska.

Sept. 26, 1980.

Steven G. Marks, Asst. Public Defender, Juneau, Brian Shortell, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR and MATTHEWS, JJ., and HODGES and JOHNSTONE, Superior Court Judges.

## OPINION

PER CURIAM.

In 1975, David Avery was paroled from a fifteen year sentence imposed on his 1971 conviction of robbery. On August 14, 1977, Avery, while driving alone in his car, was pulled over for a routine traffic stop. He was arrested and placed in the back seat of the patrol car after a standard records check revealed outstanding traffic warrants. Avery, without indicating its exact location, asked one of the police officers to retrieve his wallet from his car. While searching for the wallet, the officer found a .25 calibre handgun under the front seat of the car.

Avery was charged with being a felon in possession of a firearm. His parole revocation hearing was postponed pending the outcome of the trial. A transcript of a statement he made shortly after his arrest indicating that he was in knowing possession of the handgun was excluded at trial, because the tape from which it was made had been erased. Avery was acquitted in a trial by jury.

The state proceeded with a parole revocation hearing. At the hearing, the State put on five witnesses and introduced the transcript excluded at trial into evidence. Avery limited his defense to cross-examination and reference to the trial record. He did not object to the introduction of the transcript. The Board revoked his parole based on possession of the handgun.

David Avery appeals from the revocation of his parole on the following grounds:

1. Double jeopardy and collateral estoppel preclude parole revocation based on criminal charges for which parolee was acquitted;

2. Due process requires a standard of proof higher than preponderance of the evidence in revocation proceedings; and

3. One member of the Board was biased against him.

Neither double jeopardy[1] nor collateral estoppel[2] prohibits revocation of pa-

1. Alaska Const. art. I, § 9 provides:

 No person shall be put in jeopardy twice for the same offense. No person shall be compelled in any criminal proceeding to be a witness against himself.

 U.S.Const., amend. V provides in part:

 . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . .

Fifth amendment guarantee against double jeopardy applies to the states through the fourteenth amendment. *See, e. g., Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. Collateral estoppel is a necessary incident of the fifth amendment guarantee against double

role based on charges for which the parolee has been acquitted. *See, e. g., Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977); *United States v. Chambers*, 429 F.2d 410 (3rd Cir. 1970). Double jeopardy does not apply because revocation proceedings are not considered to be part of a criminal prosecution. *See, e. g., Standlee v. Rhay*, 557 F.2d at 1306; *Paul v. State*, 560 P.2d 754, 756 (Alaska 1977); *Trumbly v. State*, 515 P.2d 707, 709 (Alaska 1973). Collateral estoppel does not apply because adjudication of charges on the beyond a reasonable doubt standard does not constitute an adjudication on the preponderance of the evidence standard. *See, e. g., Standlee v. Rhay*, 557 F.2d at 1305; *United States v. Chambers*, 429 F.2d at 411. *See generally One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438, 442 (1972).

AS 33.15.100[3] vests the parole board with authority to make rules governing the conduct of parole revocation hearings. At the beginning of the hearing, Avery was informed that the preponderance of the evidence standard would apply. No objection was made. The American Bar Association recommends the use of the preponderance standard in revocation hearings. ABA Standards Relating to Probation, § 5.4(a)(iii) (Approved Draft 1970). *See also Paul v. State*, 560 P.2d at 756 (there is no difference between parole and probation revocations as regards due process requirements). It was not error to apply the preponderance standard in the revocation hearing.

Finally Avery's contention as to bias on the part of a parole board member is without merit. The superior court found that there was no bias or any indication that the board acted improperly. This determination is supported by the evidence.

AFFIRMED.

BOOCHEVER and BURKE, JJ., not participating.

---

jeopardy, *see, e. g., Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), applicable to the states through the fourteenth amendment. *See Piesik v. State*, 572 P.2d 94, 97 (Alaska 1977).

3. AS 33.15.100 provides:

*Adoption of rules and holdings of meetings.* The board shall adopt rules which it considers necessary or proper with respect to the eligibility of prisoners for parole, the conduct of parole hearings, and conditions of release to be imposed on parolees. The board shall meet as often as it finds necessary, but it shall meet at least twice each year. Three members constitute a quorum for the conduct of business.

*See also Robinson v. State*, 484 P.2d 686, 689 (Alaska 1971).