488 So.2d 228 (1986)
STATE of Louisiana
v.
Griselda ESPRINAL.
No. K-5369.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1986.
John H. Craft, New Orleans, E. Wayne Walker, Gretna, for relator.
Harry F. Connick, Dist. Atty., District Attorney's Office, New Orleans, for respondent.
Before CIACCIO, LOBRANO and BARRY, JJ.
BARRY, Judge.
Griselda Esprinal originally pleaded guilty to possession of marijuana with intent to distribute. Her ten year sentence was suspended and she was placed on active probation for five years. She was later arrested for the same charge (on which she was ultimately acquitted) and for possession of a weapon (that charge was refused).
At her probation revocation hearing only her probation officer, Joseph Geraci, testified. He declared that his reasons for requesting revocation stemmed from the *229 above mentioned arrest even though one charge was refused and she was acquitted of the other. Geraci testified the police report indicated the seized weapon was on the automobile seat between Esprinal and the driver. According to the report, the informant who provided information for the arrest stated drug transactions occurred at her residence and marijuana and cocaine had been found there during a search pursuant to a warrant. Geraci noted Esprinal was arrested with the same man with whom she had been arrested previously.
Geraci conceded there was no charge pending against her at the time of the hearing. Nevertheless, he recommended revocation. The court revoked her probation and ordered the sentence made executory. The judge's reasons included his ruling in her favor on a prior rule to revoke in which he had given her the benefit of any doubt. The court cited information contained in the police report which was testified to by Geraci. He noted additional information from Geraci in (chambers) as to the confidential informant's indication that Esprinal had been involved in the distribution of drugs. The judge alluded to additional details given in chambers.
At a probation hearing, a violation of the probation conditions may be shown by establishing a criminal conviction or by actual proof of the commission of a crime apart from the conviction. When the state does not prove that the defendant was convicted of a crime which would be a basis for revocation, it must present actual proof that the defendant engaged in such criminal conduct. State v. Harris, 368 So.2d 1066 (La.1979).
Arrests subsequent to the defendant's being placed on probation would not alone revoke his probation without proof that an actual crime had been committed. State in Interest of Wright, 387 So.2d 75 (La.App. 4th Cir.1980), writ granted in part and remanded for recomputation of sentence, 391 So.2d 456 (La.1980). Proof of an arrest indicates only that a crime may be charged, not that a crime has been committed. State v. Harris, supra.
This record shows that Esprinal was not convicted of any crime subsequent to probation. The only testimony concerning alleged criminal conduct came from hearsay testimony in the police report.
The revocation of probation is vacated and the matter is remanded for a further hearing.
JUDGMENT VACATED; REMANDED.
LOBRANO, J., concurs with reasons.
LOBRANO, Judge, concurring
The minute entry of January 12, 1983 reflects that the only court imposed conditions of probation were payment of the fine and court costs. Article 895 also mandates, as a condition of probation, that a defendant refrain from criminal conduct. Although I might agree with the State's contention that defendant violated Article 895(A)(6) and (8), those provisions were not imposed by the trial court as conditions of probation. Hence, I agree with the majority reasoning that the State failed in its proof of any criminal conduct sufficient to justify a revocation of her probation.