556 So.2d 1059 (1990)
Eugene MOORE
v.
B.C. RUTH, Roy Long, et al., Mississippi Department of Corrections Parole Board (State of Mississippi).
No. 07-58917.
Supreme Court of Mississippi.
February 7, 1990.
*1060 Eugene Moore, Parchman, pro se.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs, Asst. Atty. Gen., Jackson, for appellees.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:

I.
Petitioner complains that his parole has been unlawfully revoked but today presents the narrower question whether his pleadings are adequate that they may survive dismissal on their face. Petitioner's complaint is that he has been acquitted of the offense the State used as grounds for revoking his parole, by reason whereof he says he is entitled to have his parole reinstated. In these allegations Petitioner states a colorable claim for relief sufficient that it may not be dismissed at the present stage.

II.
On June 21, 1966, the Lowndes County Grand Jury indicted Petitioner Eugene Moore on a charge of murder. Shortly thereafter, Moore entered a plea of guilty and the Circuit Court sentenced him to life imprisonment. Moore was delivered to the custody of the Mississippi State Penitentiary at Parchman where he remained for over ten years.
In March of 1977, Moore was granted release from custody on parole. On August 18, 1977, Moore was arrested in Lowndes County and charged with the crime of rape. By reason of this charge, the Parole Board on October 17, 1977, ordered Moore's parole revoked and directed that he be returned to custody to complete the service of his original life sentence. Moore alleges that he was subsequently put to trial on the rape charge, at the end of which the jury returned a verdict of not guilty. Since that time he has repeatedly petitioned for re-release on parole, charging that he did not commit the offense for which his parole was originally revoked. The Parole Board has on each occasion denied his request and Moore remains in custody.
On September 25, 1987, Moore commenced the present action by filing in the Circuit Court of Sunflower County his pro se petition for a writ of habeas corpus, asserting the aforesaid facts and complaining of his "being continuously denied reinstatement of parole."
Without ordering an answer or any further proceedings, the Circuit Court sua sponte considered Moore's complaint on its face and ordered the complaint finally dismissed, apparently on grounds that parole is a matter of grace and not of right and that the Parole Board had discretion to deny parole. The Court did not address the question of whether Moore was entitled to *1061 have his original parole reinstated upon the not guilty verdict in the rape trial.
In due course, Moore moved the Circuit Court to reconsider its order and on January 12, 1988, the Circuit Court denied the motion. Moore now appeals to this Court.

III.

A.
Though styled as an action for habeas corpus, we consider Moore's application under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(1)(g) (Supp. 1989); Bobkoskie v. State, 495 So.2d 497, 499 (Miss. 1986). That act mandates that we study Moore's pleadings and ask whether he makes a substantial showing of denial of a state or federal right. Miss. Code Ann. § 99-39-27(5) (Supp. 1986); Neal v. State, 525 So.2d 1279, 1280-81 (Miss. 1987); Billiot v. State, 515 So.2d 1234, 1236-37 (Miss. 1987). Paraphrasing from Neal, the question is whether "on the papers and record before us, can we say with confidence that at any evidentiary hearing ... [Moore] will not be able to show that ... [his parole was wrongfully revoked]." Neal, 525 So.2d at 1281.
Our procedural posture is all important. We take the well-pleaded allegations of the complaint as true. See, e.g., Cain v. McKinnon, 552 So.2d 91, 91 (Miss. 1989); McFadden v. State, 542 So.2d 871, 874 (Miss. 1989); see Wilkinson v. Mercantile National Bank, 529 So.2d 616, 618 (Miss. 1988); Knight v. Moore, 396 So.2d 31, 34 (Miss. 1981) (quoting Franklin v. City of Marks, 439 F.2d 665, 670 (5th Cir.1971)). Indeed, where, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations, see Sanders v. State, 440 So.2d 278, 283 n. 1 (Miss. 1983); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted.

B.
The Circuit Court was certainly correct when it said parole was a matter of sound discretion, not of right, and that the Parole Board had broad discretionary authority regarding grants of parole, Harden v. State, 547 So.2d 1150 (Miss. 1989); Davis v. State, 429 So.2d 262, 263 (Miss. 1983), but that is not the point today. Moore has been granted parole, and the heart of his complaint is that the State impermissibly revoked his parole. On revocation, the State's authority is much narrower, for before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole. Miss. Code Ann. § 47-7-27 (Supp. 1989). Obviously, commission of a felony while on parole is grounds for revocation, see Bobkoskie v. State, 495 So.2d at 500, nor is it necessary that parole authorities await the principal trial before commencing proceedings to have the parole revoked. None of this carries us far where, as here, the parolee is found not guilty of the principal charge which formed the basis of the order of revocation.
Although we have never addressed the question, it appears settled law in most jurisdictions that acquittal in a criminal proceeding does not per se preclude parole revocation predicated upon on the same charge, see, e.g., Avery v. State, 616 P.2d 872, 873-74 (Alaska 1980); Whitehead v. United States Parole Commission, 755 F.2d 1536, 1537 (11th Cir.1985); Standlee v. Rhay, 557 F.2d 1303, 1305-07 (9th Cir.1977). See also Annotation, Acquittal in Criminal Proceeding as Precluding Revocation of Parole on Same Charge, 76 A.L.R.3d 578 (1977). For one thing, the terms and conditions of parole are broader than a mere directive that the parolee commit no felony. More to the point, cases considering today's question frequently note the differing burdens of proof in a criminal prosecution and in a parole revocation proceeding. At a criminal trial, the prosecution must prove the accused guilty beyond a reasonable doubt. In parole revocation proceedings, the accused is protected by lesser standards of proof generally. Hence, the failure of a jury to find one guilty beyond a reasonable doubt does not mean that, by some lesser standard, the *1062 facts and circumstances may not be found a violation of the terms and conditions of parole. Avery, 616 P.2d at 874.
On the other hand, the acquittal may well mean that Moore was not guilty of any act which constituted a violation of the terms and conditions of his parole. The acquittal on the criminal charge means at the very least that, before the accused's parole may be revoked, the State must offer actual proof that he committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with rape may hardly suffice. State v. Esprinal, 488 So.2d 228 (La. App. 1986).

C.
Taking as true the facts alleged, we may readily imagine a scenario in which Moore may be entitled to relief. If he was in fact innocent of the rape with which he was charged and if he committed no other violation of the terms or conditions of his parole, the State has no authority to deny reinstatement of his parole. In essence, his complaint says that this is the true state of the matter. Moore's complaint makes a substantial showing of a denial of his right under state law to the enjoyment of the parole he had previously been awarded and, as well, his rights under federal and state law that his parole not be revoked absent good cause and due process of law. On the papers and record before us, we may not say with confidence that Moore may not be entitled to substantial relief.
For these reasons, we may only hold Moore's complaint states a claim for relief such that he is entitled to proceed past the pleadings stage. Nothing said here should be taken to intimate any view on the merits, or even that Moore's claim may survive summary judgment, see Miss. Code Ann. § 99-39-19(2) (Supp. 1989) and Rule 56, Miss.R.Civ.P., only that Moore's complaint may not be dismissed on its face. Accordingly, the orders of the Circuit Court of November 4, 1987, and January 12, 1988, are vacated and reversed, and this case is remanded to the Circuit Court for such further proceedings as may be appropriate not inconsistent with the law and this opinion.
REVERSED AND REMANDED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.