587 So.2d 1193 (1991)
Eugene MOORE
v.
STATE of Mississippi.
No. 90-KP-0397.
Supreme Court of Mississippi.
October 9, 1991.
Eugene Moore, pro se.
Mike C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Eugene Moore, a prisoner presently incarcerated in the Mississippi State Penitentiary at Parchman, has filed a direct appeal from an order issued on March 26, 1990, dismissing with prejudice his motion for post-conviction collateral relief. Following an evidentiary hearing that flowed in the wake of our recent decision in Moore v. Ruth, 556 So.2d 1059 (Miss. 1990), the trial judge found that "more than ample cause" existed for the revocation of Moore's parole and that Moore's request for reinstatement of parole should be denied.
Moore raises the following issues in his second appeal to this Court:
1. It was not determined at the evidentiary hearing whether or not Moore had, in fact, violated the terms and conditions of his parole.
2. The trial court erred in failing to appoint counsel for Moore at his evidentiary hearing.

*1194 I.
On September 25, 1987, Moore filed a pro se petition for writ of habeas corpus in the Circuit Court of Sunflower County. He complained he was being improperly denied reinstatement of parole. The Circuit Court sua sponte considered Moore's complaint and dismissed it summarily.
Moore thereafter appealed to this Court. On February 7, 1990, after considering Moore's application under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act, we held his complaint stated a claim for relief such that he was entitled to proceed beyond the pleadings stage. We reversed and remanded the cause to the circuit court for such further proceedings as may be appropriate not inconsistent with the law and our written opinion. See Moore v. Ruth, 556 So.2d 1059 (Miss. 1990).
In our published opinion we stated, inter alia, the following:
Without ordering an answer or any further proceedings, the Circuit Court sua sponte considered Moore's complaint on its face and ordered the complaint finally dismissed apparently on grounds that parole is a matter of grace and not of right and that the Parole Board had discretion to deny parole. The Court did not address the question of whether Moore was entitled to have his original parole reinstated upon the not guilty verdict in the rape trial.

... .
On the other hand, the acquittal may well mean that Moore was not guilty of any act which constituted a violation of acquittal on the criminal charge means at the very least that, before the accused's parole may be revoked, the State must offer actual proof that he committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with rape may hardly suffice. State v. Esprinal, 488 So.2d 228 (La. App. 1986).
Taking as true the facts alleged, we may readily imagine a scenario in which Moore may be entitled to relief. If he was in fact innocent of the rape with which he was charged and if he committed no other violation of the terms of conditions of his parole, the State has no authority to deny reinstatement of his parole. In essence, his complaint says that this is the true state of the matter.
Moore, 556 So.2d at 1060-61. (emphasis added)
Following our remand, an evidentiary hearing was conducted on March 20, 1990. The State was represented at the hearing by Leonard Vincent, an attorney for the Department of Corrections. The defendant was represented by himself. The purpose of the hearing, according to the circuit judge, was "... to determine whether there was sufficient grounds to revoke [Moore's] parole."
On March 26, 1990, the circuit judge entered an order stating, inter alia, "... that after hearing the evidence presented by both parties, and having reviewed the transcript of the pre-revocation hearing of the Petitioner, that there was more than ample cause for the Petitioner to have his parole revoked."
Testimony was received from Eugene Robert Mailly, Chief Investigator for the Mississippi State Parole Board and a sixteen-year veteran of the Department of Corrections. Although Mailly testified at the outset he had looked over the parole record of Eugene Moore, and while Mailly answered affirmatively when asked if he had brought with him Moore's institutional file, neither Moore's parole record nor any portion of the prisoner's institutional file is a part of the official record now before this Court for appellate scrutiny.
Testimony from Mr. Mailly reflects, inter alia, the following:
1. Moore was paroled on October 20, 1976.
2. A retake warrant was issued on August 23, 1977, and Moore was returned to the penitentiary on September 20, 1977.
3. On August 30, 1977, prior to being returned to the penitentiary, Moore was given a preliminary revocation hearing before *1195 T.D. Golden, a hearing officer. He was represented at this hearing by Douglas Stone, an attorney from Columbus, Mississippi.
4. Mr. Golden, the hearing officer, recommended that Moore be returned to the penitentiary and that a revocation hearing be held before the Parole Board.
5. A revocation hearing before the Parole Board was conducted on October 17, 1977. At the conclusion of this hearing, the board revoked Moore's parole.
6. The records do not reflect what transpired during the revocation hearing conducted before the parole board.
7. Mr. Golden, as hearing officer, made a complete report of the transcript of the testimony between Moore and himself during the preliminary parole revocation hearing.
8. The transcript does not specifically state the reason for the revocation of Moore's parole.
9. The record of the preliminary revocation hearing, which was quite lengthy, did not reflect whether a trial was held on the new charges.
At the conclusion of the evidentiary hearing, the circuit judge reviewed the records and institutional files furnished by Mr. Mailly. The court specifically noted that although the pleadings alleged that Moore was found innocent of rape, Mr. Mailly testified his records reflect Moore's parole was revoked for assault with intent to rape. The judge stated: "There is certainly a difference in the charge of rape and assault with intent to rape."
After reviewing the probation and parole file, particularly the transcript of the preliminary revocation hearing conducted on August 30, 1977, the trial judge found "... that reasonable grounds existed for revocation of the parole outside of the rape charge itself, and that Mr. Moore was given all rights to which he was entitled, and the Court allows to stand the revocation and denies on [the] merits the petition for post-conviction relief."
Particular emphasis was placed upon (1) a statement by Mr. Stone, Moore's attorney at the preliminary revocation hearing, that both he and members of Moore's family felt that Moore needed "some mental treatment", (2) a concession by Stone during the preliminary revocation hearing that Moore and the woman he was charged with assaulting had been living together outside the bonds of matrimony in a "man and wife relationship", (3) a concession by Moore himself during the preliminary revocation hearing that he needed treatment for his mental condition, (4) and a statement by Mr. Edwards, Moore's parole officer, that Moore had reported "fairly regularly".

II.

A. Right to Counsel
Appellant contends he should have been afforded legal representation at the evidentiary hearing. More specifically, he argues the trial court erred in failing to appoint counsel since it was clear he lacked the knowledge and understanding of the proceedings being conducted by the court.
Moore cites no legal authority in support of this claim, and his argument is without merit for this reason, if for no other. Assignments of error that are unsupported by any authority lack persuasion on review. Smith v. State, 430 So.2d 406 (Miss. 1983). See also May v. State, 524 So.2d 957 (Miss. 1988).
In any event, a criminal defendant has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Neal v. State, 422 So.2d 747 (Miss. 1982); King v. State, 423 So.2d 121 (Miss. 1982).
Although Moore styled his action as habeas corpus, we considered his application under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(1)(g) (Supp. 1990); Moore v. Ruth, supra, 556 So.2d at 1061. By virtue of § 99-39-23(1) of the Post-Conviction Collateral Relief Act, if an evidentiary hearing is required the judge may appoint counsel for a petitioner *1196 who qualifies as an indigent under § 99-15-15. Therefore, the appointment of counsel at an evidentiary hearing is discretionary with the trial judge.
Moore did not request counsel at his evidentiary hearing. Although the presence of an attorney would have been helpful to Moore, we conclude the prisoner has failed to demonstrate the trial judge abused his judicial discretion in failing to sua sponte appoint counsel.

B. Impermissible Revocation of Parole
In the wake of remand, the trial judge afforded Moore the benefit of an evidentiary hearing and gave him an opportunity to prove his claim that his parole had been unlawfully revoked. The burden was on the prisoner to prove by a preponderance of the evidence that he was entitled to reinstatement of his parole. Miss. Code Ann. § 99-39-23(7); McLendon v. State, 539 So.2d 1375 (Miss. 1989).
At the conclusion of the evidentiary hearing, the lower court made a finding of fact that reasonable and viable grounds, "outside of the rape charge", existed for the revocation of Moore's parole. The court did not determine the truth or falsity of Moore's allegation that he was put to trial by jury on a charge of rape and thereafter acquitted.
Our problem on review of the findings made by the circuit judge is that nothing within the four corners of the record before us identifies the terms and conditions of Moore's parole. As we pointed out in our earlier decision, "... the heart of his complaint is that the State impermissibly revoked his parole.... [B]efore one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole. Miss. Code Ann. § 47-7-27 (Supp. 1989)." Moore v. Ruth, supra, 556 So.2d at 1061. See also Williams v. Castilla, 585 S.W.2d 761, at pp. 763-764 (Miss. 1991).
One of Moore's complaints on appeal is that it was never determined at the evidentiary hearing whether or not Moore had, in truth and in fact, violated the terms and conditions of the parole. While the circuit judge found as a fact there was good cause for revoking Moore's parole, this Court is unable, on the record before us, to determine whether the trial court's fact-finding was "clearly erroneous" or supported by "substantial evidence." McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989). See also Schmitt v. State, 560 So.2d 148, 151 (Miss. 1990). Ponthieux v. State, 532 So.2d 1239, 1244 (Miss. 1988). We simply do not know what the terms and conditions of Moore's parole were. This Court declines any invitation to speculate with regard to their identity.
Insofar as we can tell, none of Moore's parole record or institutional file was introduced into evidence during the evidentiary hearing. Nor was the record or file marked as an exhibit for identification or for any other purpose. Consequently, supplementation of the record under our Supreme Court Rule 10(e) would serve no beneficial purpose.
This Court does not have an intent to reinstate the petitioner's parole, but we do have an intent to request that the trial court more completely develop the record. We reversed and remanded this cause following Moore's first appeal. We do so again, this time for further findings of fact. Specifically, we remand the case to the lower court for the purpose of generating answers to the following relevant but yet unanswered inquiries:
1. Was Eugene Moore, in fact, tried and subsequently acquitted of the offense (whether rape, assault with intent to commit rape, or some other offense) the State used as grounds for revoking his parole?
2. If so, was Moore entitled to have his original parole reinstated upon the not guilty verdict?
3. What were the terms and conditions of Moore's parole?
4. Which of these terms and conditions, if any, did Moore violate in 1977 after *1197 being granted release from custody on parole?
5. What were the findings of the Parole Board? (Make the findings a part of the record if there are such findings.)
This case, like its predecessor, is remanded to the Circuit Court for such further proceedings as may be appropriate not inconsistent with the law and this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.