# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00460-SCT

*LAFAYETTE WELLS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/95 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY LEE MOORE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

This appeal arises from a March 11, 1995 order of the Circuit Court of Sunflower County dismissing for lack of jurisdiction Lafayette Wells' habeas petition seeking review of the Parole Board's revocation of parole and denial of his subsequent request for parole. We agree with Wells that the circuit court was the proper place to begin post-conviction relief proceedings on any constitutional questions arising from the revocation of parole, but affirm the circuit court's dismissal of Wells' petition. Pursuant to Miss. Code Ann. § 47-7-29 (1993), his conviction of a felony while on parole provided grounds for the revocation of his parole. Moreover, the Board's denial of his subsequent request for parole was not properly before the circuit court. Accordingly, we affirm the order of the circuit court.

I.

Wells was convicted of armed robbery and sentenced to thirty-five years in the custody of the Mississippi Department of Corrections by the Circuit Court of Copiah County on March 17, 1978. After serving eleven years of that sentence, he was granted parole in November, 1989. His parole was revoked on February 17, 1993 for failure to report as directed, failure to pay supervision fees and use of drugs. Further, on May 24, 1993, he was sentenced by the Circuit Court of Claiborne County to serve a concurrent sentence of three additional years after entering a guilty plea to charges of uttering a forgery.

Once incarcerated again, Wells' request for parole was denied on September 27, 1994. In denying parole, the Parole Board noted as its reasons for denial the serious nature of the offense for which Wells was incarcerated, the number of offenses committed, his previous violation of the conditions of parole, community opposition, insufficient time served and the Board's belief that "the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking" pursuant to Miss. Code Ann. § 47-7-17.

Wells filed a petition for writ of habeas corpus in the Circuit Court of Sunflower County on January 11, 1995. He asserted that his parole was unfairly and unlawfully revoked and further, once back in the State's custody, that he was improperly denied parole. By order dated March 11, 1995, the circuit court dismissed Wells' petition, stating that it lacked jurisdiction to review actions of the Parole Board.

II.

Wells asserts that the circuit court erroneously surrendered jurisdiction over his claim that he was denied due process in the revocation of his parole. He seeks a remand of his case to the circuit court for determination of whether due process requirements were met. The State argues that Wells' complaint is moot since he committed a felony while on parole.

Although styled as a petition for habeas corpus, we treat Wells' action as a motion for post-conviction relief pursuant to Miss. Code Ann. §  99-39-51(1)(g). *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). Paraphrasing *Neal v. State,* 525 So. 2d 1279, 1280-81 (Miss. 1987), the Court in *Moore* articulated the question in reviewing the propriety of a parole revocation as whether "on the papers and the record before us, can we say with confidence that any evidentiary hearing . . . [Moore] will not be able to show that . . . [his parole was wrongfully revoked]." *Moore,* 556 So. 2d at 1061.

"Before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole." *Alexander v. State,* 667 So. 2d 1, 4-5 (Miss. 1995)(quoting *Moore v. State,* 587 So. 2d 1193, 1196 (Miss. 1991)). Therefore, minimal due process requirements govern proceedings for the revocation of parole. *Grayson v. State,* 648 So. 2d 1129, 1132-1133 (Miss. 1994). This Court adopted the standards set forth by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and set them out as follows in *Riely v. State*, 562 So. 2d 1206 (Miss. 1990):

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing

confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.

*Riely,* 562 So.2d at 1210. Wells does not explain in his appeal how his rights were violated. We are presented only with the unsupported allegations in his habeas petition that he did not have the opportunity to confront and cross-examine his parole office regarding the results of a drug test and his alleged failure to report to his parole officer and pay supervision fees. He complained, too, that the only written statement he received of the reasons for denying parole was a form indicating the Board's action and that there was no evidence to support the Parole Board's belief that he was unable or unwilling to fulfill the obligations of a law-abiding citizen.

Pursuant to Miss. Code Ann. § 47-7-27, an offender may appeal the revocation of his parole to the Parole Board in writing or in person. Further, an offender may seek relief in this Court from the unlawful revocation of parole pursuant to Miss. Code Ann. § 99-39-5(1)(g) of the Uniform Post-Conviction Relief Act. Application to pursue post-conviction relief is made to the circuit court pursuant to Miss. Code Ann. § 99-39-7. *Moore,* 556 So. 2d at 1061. The circuit court should have advised him to refile in accordance with the procedures for post-conviction relief outlined in §§ 99-39-7 and 99-39-9.

The record, however, indicates that Wells received a three-year sentence for uttering a forgery in May, 1993, while still on parole. Pursuant to Miss. Code Ann. § 47-7-29 (1993), "[a]ny prisoner who commits a felony while at large upon parole and who is convicted and sentenced therefor shall be required by the board to serve such sentence after the original sentence has been completed." Further, this Court has held that "[c]onviction of a felony by a parolee is a reasonable ground under Mississippi standards for revocation of parole." *Bobkoskie v. State,* 495 So. 2d 497, 500 (Miss. 1986). Because Wells' conviction of a felony while on parole was, in and of itself, reasonable grounds for parole revocation, the issues he has raised, as the State argues, for all practical purposes, are moot.

## III.

Looking at the question of whether the circuit court had jurisdiction to consider whether Wells properly was denied parole in 1994, discussed at length in his habeas petition but not in this appeal, we reiterate that eligibility for parole is solely within the jurisdiction of the Parole Board. *Mitchell v. State,* 561 So. 2d 1037, 1039 (Miss. 1990). Therefore, the circuit court properly refused to review the Board's denial of Wells' 1994 request for parole.

## IV.

While the circuit court was the proper place to begin post conviction relief proceedings on any due process questions arising from the revocation of parole, we affirm the circuit court's dismissal of Wells' petition. His conviction of a felony while on parole provided statutory grounds for revocation of his parole. Moreover, the Board's denial of his subsequent request for parole was not properly before the circuit court. Accordingly, we affirm the order of the circuit court.

**LOWER COURT'S DISMISSAL OF REQUEST TO REVIEW ACTIONS OF THE PAROLE**

**BOARD AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**