# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00912-SCT

*JAMES NORRIS WALKER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/96 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/13/97 |
| MOTION FOR REHEARING FILED: | 11/26/97 |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On September 13, 1989, James Norris Walker was tried and convicted in the First Judicial District of Harrison County, Mississippi for Capital Murder - murder committed while engaged in the commission of robbery - pursuant to Miss. Code Ann. § 97-3-19(2)(e) (1994). The jury could not unanimously agree on the appropriate sentence; consequently, the trial judge, Honorable Jerry O. Terry, Sr. sentenced Walker to life imprisonment. Jim Davis, a Gulfport attorney, represented Walker both at trial and on appeal. Following his trial, conviction, and sentence, Walker, by and through his attorney (Davis) filed a thirty-six (36) page brief raising five (5) issues upon direct appeal to this Court. Walker's conviction and sentence were affirmed in an unpublished opinion on December 16, 1993. *Walker v. State*, 91-KA-0184 (Miss. 1993). Thereafter, Walker filed a Motion for Leave to Proceed in the Trial Court in Presentation of Post Conviction Collateral Relief, which was granted by this Court on September 25, 1995. Walker's Motion for Post Conviction Collateral Relief was filed in

the First Judicial District of Harrison County and subsequently denied by Judge Terry on May 1, 1996 without conducting an evidentiary hearing. Walker appeals *pro se* and raises issues in the following areas:

**I. Ineffective Assistance of Counsel**

**II. Involuntary Confession**

**III. Discovery Violation**

**IV. Compulsory Production Violation**

**V. Denial of Evidentiary Hearing**

**VI. Erroneous Jury Instruction**

**VII. Conflict of Interest**

## LEGAL ANALYSIS

### I. Ineffective Assistance of Counsel

Walker contends that he received ineffective assistance of counsel and in support of this claim he states:

"[C]ounsel failed to exert a minimal amount of effort."

"[C]ounsel . . . failed to conduct and [sic] adequate investigation and speak to certain

witnesses for Appellant."

"Trial counsel also failed to discuss any potential defense with Appellant."

"[C]ounsel failed to interview potential witnesses and to make independent investigation of the facts and circumstances of the case."

"Petitioner's trial counsel failed to raise any objections during the course of the trial."

The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mississippi adopted the *Strickland* standard in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984) and has consistently applied this standard in subsequent cases. *Neal v. State,* 525 So. 2d 1279, 1281 (Miss. 1987) (citing *Ferguson v. State*, 507 So. 2d 94, 95-97 (Miss. 1987); *Waldrop v. State*, 506 So. 2d 273, 275-76 (Miss. 1987); *Alexander v. State*, 503 So. 2d 235, 240-41 (Miss. 1987); *King v. State*, 503 So. 2d 271, 273-76 (Miss. 1987); *Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985)).

Our inquiry under *Strickland* is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet that standard?

*Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994). Additionally, "[a]n ineffective assistance claim by its very nature refers to the totality of counsel's pre-trial and trial performance." *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987). "At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen* 649 So. 2d at 1258. Walker "must allege these matters with specificity and detail" to obtain an evidentiary hearing. *Perkins v. State*, 487 So.2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994). The petitioner's well pled allegations are taken as true. *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). And where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. *Id.* (citations omitted).

Even when considering the possibility of inartful drafting, Walker has not pled his arguments with sufficient "specificity and detail" to be entitled to an evidentiary hearing. Instead, his allegations are general statements regarding his own opinion of his attorney's performance, with no substantiating statements. Walker had the opportunity to corroborate his claims in his Reply Brief which was submitted in response to the Appellee's Brief wherein the State maintained that Walker's relief should be denied for lack of "specificity and detail." In spite of this opportunity, Walker did not provide any specific examples of how his attorney failed to exert minimal effort; what his attorney failed to object to during trial; what his attorney failed to investigate; or the witness(es) his attorney failed to interview.

In his Reply Brief, Walker does mention that his attorney failed to "request a continuance in which to properly interview the prosecution's witness, Tasha Fields." According to Walker, by this omission his attorney "did not prepare a proper defense against the testimony of Fields who stated that the jewelry recovered by the police was in fact that of the victim . . . ." Nevertheless, Walker does not indicate that there was *any* defense to Ms. Fields' testimony nor how he was prejudiced by this "proper defense" not being asserted at trial. In other words, Walker contends that his attorney should have asked for a continuance but does not show how this continuance could have possibly aided in his defense.

In regard to Walker's contentions that his attorney "failed to exert a minimal amount of effort" and "failed to make any objections during the course of the trial," the following excerpts from this Court's December 16, 1993 opinion provide several examples to the contrary.

(A) "The defense **objected to** the pathologist's testimony beyond the scope of this report . . . ." *Walker v. State*, 91-KA-0184, 7 (Miss. 1993) (emphasis added).

(B) "[T]he defense **moved for a continuance** to prepare to better rebut the testimony." *Id*. (emphasis added).

(C) "Walker's attorney **objected to** this instruction, claiming that the jury would believe that Walker formed the requisite intent simply because he used a gun." *Id*. at 13 (emphasis added).

(D) "The defense **vigorously requested** a manslaughter instruction, and a murder instruction, i.e., an instruction on a lesser included offense of capital murder." *Id*. at 15 (emphasis added).

These excerpts show that Walker's attorney did make objections during the course of the trial and abrogate Walker's contention that his attorney "failed to exert a minimal amount of effort."

In response to Walker's contention that his attorney "failed to discuss potential defenses" with him, the following excerpt from his own brief is submitted as evidence to the contrary.

> Appellant's defense was that the murder was not a deliberate design on his part, but was an accident. And there was evidence to support this defense theory upon uncontradicted testimony that the prosecutrix was shot with his own weapon, after the prosecutrix initially putted [sic] his weapon. A jury instruction to support appellant's defense theory of accidental homicide was granted by the trial court.

Thus by his own admission, counsel not only discussed potential defenses with the defendant but was successful in getting a jury instruction in accordance with this defense.[1]

Walker has failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions lack the "specificity and detail" required to establish a prima facia showing. His allegations in this area are also without merit in that the various documents from the proceedings provide evidence contrary to Walker's assertions.

## II. Involuntary Confession

Walker argues that his confession was involuntary because he was "shot twice by California Law Enforcement officers during his arrest" and "administered medicine to suppress pain," which interfered with rational thought. This assertion was fully litigated at trial and on direct appeal. "[I]ssues not raised on direct review are waived, and issues addressed on direct review are res judicata; both, procedurally barred." *Irving v. State*, 498 So. 2d 305, 308 (Miss. 1986) (citations omitted); Miss. Code Ann. § 99-39-21 (1994).

This Court previously dealt with this issue in the unpublished opinion dated December 16, 1993 and found no merit to Walker's claims of involuntariness. *Walker v. State*, 91-KA-0184, 3-4 (Miss. 1993).

> The doctor who testified for the state was decisive in his responses, stating that Walker was under no impairment of mind. The defense's pharmacologist at best stated that Walker "could" have been under the influence of the medication. Walker's statements, on tape, included recollection of several details about the incident, such as where he threw the gun and what he did with his clothes. Since the disposition of this issue involves a judgment of credibility of witnesses, this assignment of error is without merit.

*Id*. (citing *Jones v. State ex rel. Miss. Dept. of Public Safety*, 607 So. 2d 23, 28 (Miss. 1991)).

The only novel aspect of Walker's argument for Post Conviction Relief purposes is that he was intimidated by the police officers because they shot him at the time of his arrest. However, Walker did not confess until two (2) days after his arrest. Additionally, there is no authority for the proposition that a confession is automatically deemed involuntary merely because the defendant was shot at the time of the arrest, regardless of the circumstances surrounding the confession or the time lapse between the arrest and confession. The voluntariness of Walker's confession was fully litigated

during a suppression hearing at which the police officers involved testified. The circumstances surrounding Walker's confession were also litigated on direct appeal; consequently, Walker's assertions in this area are procedurally barred in that they have been fully litigated at trial and on direct appeal.

### III. Discovery Violation

Walker contends that "[t]he State failed to provide Appellant with the name and address of Tasha Fields" and that his attorney failed to "raise the issue on appeal." He also states that his attorney failed to "request a continuance in which to properly interview the prosecution's witness, Tasha Fields." According to Walker, by this omission his attorney "did not prepare a proper defense against the testimony of Fields who stated that the jewelry recovered by the police was in fact that of the victim . . . ."

Walker does not indicate that there was *any* defense to Ms. Fields' testimony nor how he was prejudiced by this "proper defense" not being asserted at trial. In other words, Walker contends that his attorney should have asked for a continuance but he does not show how this continuance could have possibly aided in his defense. Walker has not provided the "specificity and detail" required to establish a prima facia showing of "cause" and "actual prejudice." Consequently, an evidentiary hearing is not warranted on this matter.

In conclusion, Walker has failed to meet his statutory burden of proof regarding the allegation of ineffective assistance of counsel in that his assertions do not establish a prima facia showing of "cause" or "actual prejudice." *See* Miss. Code Ann. § 99-39-21 (1994); Miss. Code Ann. § 99-39-9(1) (1994).

### IV. Compulsory Production

Walker alleges that his right to compulsory production was violated and that "[d]ue to the inability of the Appellant to present the testimony of Dr. O'Shea, the case was severely jeopardized." Once again, Walker does not support his claim with the "specificity and detail" necessary to make a prima facia showing of "actual prejudice." For example, Walker does not indicate how Dr. O'Shea's testimony would have contributed to his defense and thus how the lack of this testimony "severely jeopardized" his case.

### V. Denial of Evidentiary Hearing

Walker requests an evidentiary hearing and indicates that "[a]t the hearing the appellant will utilize the discovery provisions of MCA § 99-39-15 (1972), to acquire additional evidence in support of his claims." Miss. Code Ann. § 99-39-9(1)(e) provides that the motion shall contain:

A **specific** statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be **specifically** detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to

> obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Miss. Code Ann. § 99-39-9(1)(e) (1994) (emphasis added).

Walker's statement that he "will utilize the discovery provisions . . . to acquire **additional** evidence in support of his claims" does not meet statutory requirements; therefore, an evidentiary hearing is not required. Additionally, none of Walker's claims contain sufficient "specificity and detail" to state a prima facia case and Walker has submitted no evidence beyond his own affidavit in support of his claims. *See Brooks v. State*, 573 So. 2d 1350 (Miss. 1990) (finding that allegations were not supported by affidavits other than defendant's own). Under these circumstances an evidentiary hearing is not appropriate. Accordingly, the trial court did not err in denying Walker's motion without conducting an evidentiary hearing.

## VI. Erroneous Jury Instruction

Upon direct appeal to this Court, Walker claimed that the trial court erred in two (2) respects regarding jury instructions: (1) "[t]he lower court erred by instructing the jury that an inference of intent to kill could be made from a finding that Walker used a deadly weapon in a manner calculated to inflict great bodily harm or destroy life." *Walker v. State*, 91-KA-0184, 2 (Miss. 1993); and (2) "[t]he lower court erred in denying Walker's request for an instruction on a lesser included offense, manslaughter." *Id*. This Court rejected both of these claims. *Id*. at 13-19.

Walker now contends that the lower court erred by allowing an instruction which "stated that the jury could find design to have existed for an instant, a few minutes or a moment **prior to** the commission of the murder." (emphasis added). Walker cites *Duvall v. State*, 634 So. 2d 524 (Miss. 1994); *Blanks v. State*, 542 So. 2d 222 (Miss. 1989); and *Windham v. State*, 520 So. 2d 123 (Miss. 1987) in support of this argument.

Walker's claim is barred in that "this Court has repeatedly and consistently held that post-conviction relief in Mississippi is not granted upon facts and issues which *could* or *should* have been litigated at trial and on appeal." *Smith v. State*, 434 So. 2d 212, 215 (Miss. 1983) (emphasis in original) (citations omitted). This Court has fully considered Walker's previous arguments concerning jury instructions and found no plain error.

Additionally, there is no merit to Walker's claim even if it were allowed under the guise of his Ineffective Assistance of Counsel argument. According to Walker, the jury instruction given at his trial is not of the type that was utilized in *Windham* and its progeny in that Walker's instruction indicated that deliberate design could have existed "for an instant, a few minutes or a moment **prior to** the commission of the murder." (emphasis added). The *Windham* Court stated "[w]hile it is no doubt true that a deliberate design to kill a person may be formed very quickly, and perhaps only **moments before** the act of consummating the intent, it is a contradiction in terms to state that a 'deliberate design' can be formed **at the very moment** of the fatal act." *Windham v. State*, 520 So. 2d 123, 126 (Miss. 1987) (emphasis added). Walker's jury instruction is distinguishable from the *Windham* instruction in that Walker's instruction indicated that the design could have existed "prior to," not "at the very moment of" the commission of the murder. Accordingly, Walker's reliance on these cases cited is unfounded.

## VII. Conflict of Interest

Walker argues that his attorney, Jim Davis, failed to address a possible conflict of interest "when Attorney Jimmy McGuire testified for the prosecution concerning an identification issue" and that this "was severely prejudicial to appellant." According to Walker, at some point in time (around October 1987) he paid Jimmy McGuire $25,000 to represent him on unrelated drug and burglary charges. Therefore, Walker contends that he was McGuire's client and thus McGuire was prohibited from providing any information to the court that would be prejudicial to his capital murder trial. In an Order dated May 1, 1996, Judge Terry found no merit to this claim.

> [T]he record reflects that the attorney in question testified only at a pre-trial suppression hearing wherein he related that his client Dwight Bradley came to him wanting to turn over to police some jewelry he had purchased from an individual, because Bradley had learned the jewelry was taken from the victim of the murder, and that Bradley picked [Walker's] photo out of an eight-photo lineup as being the individual from whom he (Bradley) had bought the jewelry. No evidence about the photo-lineup was introduced at trial. The Court finds no merit to this claim, nor any need for an evidentiary hearing on this point because, since an attorney is precluded by the Rules of Professional Conduct from counseling or assisting a client in conduct the lawyer knows is criminal or fraudulent, the attorney had no duty or right to preclude Bradley from giving the evidence to police, even if the attorney did represent [Walker] on unrelated charges at the time. Rule 1.2(d), Rules of Professional Conduct.

This excerpt indicates that Judge Terry found as a fact that McGuire was not representing Walker for capital murder and that McGuire testified only at a pretrial suppression hearing. Although McGuire may have been representing Walker on unrelated burglary and drug charges, these charges have nothing to do with the offense of capital murder and as such there was no conflict of interest sufficient to undermine Walker's subsequent conviction of capital murder.

Furthermore, the Mississippi Rules of Professional Conduct were not designed to preclude any and all prejudicial information regarding a client on unrelated charges (or a former client). Conversely, the Rules provide that an attorney has a duty to maintain candor to the tribunal even in matters where the attorney is actively representing the client. *See* Miss. R. of Prof. Cond. Rule 3.3 (1987). The Rules do not limit this duty to circumstances involving an unrelated charge but extend this duty to ongoing representation and "continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6." Miss. R. of Prof. Cond. Rule 3.3(b) (1987). In further explanation, the comment to Rule 3.3 makes it clear that the attorney's duty to the client must be qualified by the attorney's duty of candor to the tribunal. Consequently, regardless of whether Walker was a former client or a present client on unrelated charges, McGuire's testimony at a pretrial suppression hearing would not constitute a conflict of interest sufficient to undermine Walker's subsequent conviction for capital murder.

## CONCLUSION

The issues presented by Walker on appeal to this Court are procedurally barred with the exception of Ineffective Assistance of Counsel. However, Walker failed to provide specific statements relating to this claim and thus failed to comply with the statutory requirements for motions submitted in support

of Post Conviction Collateral Relief. Accordingly, the trial court's denial of Post Conviction Collateral Relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY.**

1. In that the Appellant asserts that his defense was "accident," this discussion does not address the issue of whether "accident" is a valid defense under Miss. Code Ann. § 97-3-19(2)(e)(1994).