MAXWELL, J.,
for the Court:
¶ 1. Courtney Elkins appeals the summary dismissal of his motion for post-conviction relief (PCR) in which he claimed his parole had been unlawfully revoked. Because the record is insufficient to determine whether Elkins violated a condition of his parole, we must reverse and remand for an evidentiary hearing.
Background
¶ 2. On February 17, 1995, Elkins pled guilty in the Sunflower County Circuit Court to murder and was sentenced to life imprisonment. Twelve years later, the Mississippi Parole Board granted Elkins conditional parole and allowed him to relocate to Chicago, Illinois.
¶ 3. While in Chicago, Elkins was arrested on June 4, 2009, and charged with domestic battery, after he allegedly pushed down his girlfriend. Upon learning of his arrest, a preliminary parole hearing was held in Illinois to determine whether there was probable cause that Elkins had violated the conditions of his parole. The hearing officer concluded there was probable cause and recommended a parole-violation hearing be conducted. But two days later, on June 19, 2009, the Chicago Police Department dismissed by a nolle prosequi (or “nol- *187 prossed”) the domestic-battery charge against Elkins.
¶ 4. In August 2009, Elkins was extradited to Mississippi. Elkins waived his right to a preliminary parole-revocation hearing and requested he be returned to custody for a final parole-revocation hearing before the Mississippi Parole Board. Though the Illinois charge had been nol-prossed months earlier, and the purported victim provided the Board an affidavit in which she recanted the battery allegation, the Board revoked Elkins’s parole on November 4, 2009. As a result, Elkins was sent back to prison for life.
¶ 5. Elkins filed a PCR motion on April 29, 2011, alleging his parole had been unlawfully revoked. The trial court summarily dismissed Elkins’s PCR motion without conducting a hearing. Elkins now appeals.
Standard of Review
¶ 6. A trial court’s dismissal of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous.[1] Martin v. State, 66 So.3d 1288, 1289 (¶ 3) (Miss.Ct.App.2011) (citing Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002)). But “when issues of law are raised, the proper standard of review is de novo.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
Discussion
¶ 7. Elkins contends the Board and, ultimately, the trial judge erroneously revoked his parole based solely on the nol-prossed domestic-battery arrest.
¶ 8. Our supreme court has held that “before one released on parole may be returned to custody, [the State] must [show] that he has violated the terms and conditions of parole.” Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990) (citing Miss. Code Ann. § 47-7-27 (Supp.1989)). There are also minimum due-process requirements for parole-revocation procedures, one of which is that the parolee is entitled to “a written statement by the fact finders as to the evidence relied on and reasons for revoking ... parole.” Riely v. State, 562 So.2d 1206, 1210-11 (Miss.1990) (emphasis added) (recognizing minimal due-process requirements apply in parole and probation revocation proceedings as established in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation) and Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (probation revocation)). Here, the Board did not provide a statement detailing what evidence it relied on in revoking Elkins’s probation. Thus, we are unsure if the Board relied solely on the nol-prossed arrest, which our supreme court instructs is insufficient without more to support a revocation. See Moore, 556 So.2d at 1062 (holding “mere fact” parolee was arrested is insufficient reason to revoke parole).
¶ 9. The proposed violation listed on MDOC letterhead is found under the heading “REPORT OF PAROLE CONDITIONS VIOLATED.” It lists Elkins’s alleged violation of a parole condition as “Rule # 9[:] I will not violate and [sic] city, County, State, or Federal laws.” The MDOC document further states: “Offender was arrested for Domestic Violence.”
*188 ¶ 10. There is also a second, slightly differing MDOC document entitled “Preliminary Revocation Hearing Report Disposition.” In this report, the hearing officer determined there was probable cause for MDOC to conduct a formal revocation hearing. The hearing officer cited the 2009 battery arrest and an alleged similar arrest in 2008, after which Elkins “was allowed to continue on parole at that time.” The hearing officer’s report noted the offender “states that the charges had been dropped,” but “no proof was available when he made this statement.”
¶ 11. Elkins waived a preliminary revocation hearing in Mississippi, and a final revocation hearing was held. The Board’s final order from this hearing merely indicates that Elkins “failed to abide by the law: Domestic Battery-Order of Protection.” But the Board did not describe what evidence supported this finding. See Riely, 562 So.2d at 1210-11; see also Morrissey, 408 U.S. at 489, 92 S.Ct. 2593.
¶ 12. While there is much uncertainty about the specific evidence the State presented to the Board, we do know the June 4, 2009 battery charge was nol-prossed in Illinois months before the final revocation hearing. “In Illinois, when the State moves for a nolle prosequi, the State formally indicates that it is unwilling to prosecute the case.” People v. Totzke, 362 Ill.Dec. 887, 974 N.E.2d 408, 413 (¶ 23) (Ill.App.Ct.2012). “This action has the same effect as moving to dismiss.” Id.[2] So Elkins was obviously never convicted of battery while on parole. Still, we emphasize that based on the lower evidentiary standard applicable in revocation hearings, a dismissal, acquittal, or nolle prosequi of criminal charges does not per se preclude parole revocation stemming from the acts constituting the same charge. See Moore, 556 So.2d at 1061-62. But our supreme court has been emphatic that when the underlying charges are dismissed before a revocation hearing occurs, proof of the arrest alone is insufficient to prove that the defendant committed the act that violated the parole condition. Id. at 1062. And this court has held that even if criminal charges are not dismissed, “[t]he mere arrest of a probationer is not a violation of probation.” Brown v. State, 864 So.2d 1058, 1060 (¶ 9) (Miss.Ct.App.2004) (citing Moore v. State, 587 So.2d 1193, 1194 (Miss.1991)).
¶ 13. We recognize the Illinois authorities likely nol-prossed the battery charge after it became apparent Elkins was headed back to Mississippi for parole-revocation proceedings. However, our supreme court instructs that when there is an acquittal or dismissal of the underlying criminal charges, prior to completion of the revocation hearing, “the State must offer actual proof that [the petitioner] committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with a crime may hardly suffice.” Morris v. State, 66 So.3d 716, 719-20 (¶ 17) (Miss.Ct.App.2011) (quoting Moore, 556 So.2d at 1062); cf. also Hardin v. State, 878 So.2d 111, 112 (¶ 3) (Miss.Ct.App.2003) (holding probation revocation requires State to *189 show “more likely than not” terms of probation were violated). Because Illinois views a nol-prossed arrest as a dismissal, we find Moore’s reasoning also applies here. See Moore, 556 So.2d at 1061-62.
¶ 14. While there is no record evidence detailing what proof the Board actually relied on other than the dismissed charge,[3] the trial judge summarily dismissed the PCR motion without an evidentiary hearing, finding that the State had clearly proven Elkins had violated his parole. Thus, we found it prudent to determine whether the record before this court differed from that before the trial judge. So we requested that the circuit court supplement the record with a transcript from Elkins’s parole-revocation hearing — the hearing during which the State had to prove by a preponderance of the evidence that Elkins had violated his parole. We also ordered the circuit court to provide “any other documents [it] relied upon ... in denying Elkins’s petition for post[-]conviction relief.” But the circuit court did not possess a transcript of the Mississippi Parole Board’s revocation hearing because the hearing was not recorded. Nor did the circuit court respond with any other documentary evidence it may have relied on in denying Elkins’s PCR motion.
¶ 15. Because it appears the Board relied solely on what amounts to a dismissed arrest when finding it more likely than not that Elkins violated a condition of his parole, precedent dictates that we reverse and remand this case for an evi-dentiary hearing consistent with the law and this opinion.
¶ 16. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Elkins appeals from the trial court’s decision dismissing his PCR motion. Because Elkins’s PCR motion challenged the revocation of his parole, the trial court evaluated his motion under the more deferential standard given to administrative-agency decisions. However, because Elkins is challenging his revocation under Mississippi Code Annotated section 99 — 39—5(l)(g) (Supp.2012), we review his claim under the standard for post-conviction-relief proceedings.

. The Appellate Court of Illinois for the Second District further explained:
The dismissal of charges through nolle pro-sequi reverts the matter to the same condition that existed before the commencement of the prosecution. Hence, no criminal charges remain pending against the defendant. Instead, the effect of a nolle prosequi is to terminate the charges and to permit the defendant to go wherever he or she pleases, without entering into a recognizance to appear at any other time. In order to reinstate the prosecution, the State must file a new charging instrument.
Totzke, 362 Ill.Dec. 887, 974 N.E.2d at 413 (¶ 23) (internal citations omitted).

. The State argues Elkins perhaps admitted the arrest allegation. But the document the State cites in support of this argument appears to be a checklist initialed by the then-Chairman of the Parole Board, Shannon War-nock. It does not bear Elkins’s signature and is not mentioned in any other Board record, nor was it cited by the trial judge as evidence supporting the parole revocation.