McMILLIN, C.J., for the Court:
¶ 1. Eugene Craft pled guilty to three counts of an indictment relating to drug activity and was sentenced to three twenty-year terms, all to run consecutively. On the day set for Craft’s trial, the prosecution sought to amend the indictment to include an allegation that Craft had prior felony drug convictions that met the criteria for him to be subjected to enhanced punishment under Section 41-29-147 of the Mississippi Code and to be sentenced as a habitual offender under Section 99-19-81 of the Mississippi Code should he be convicted on any of the pending charges. It is unclear from the record before us whether that amendment was allowed by the trial court prior to Craft’s decision to plead guilty; however, our disposition of the matter renders that question irrelevant.
¶ 2. In a post-conviction relief motion filed with the trial court, Craft said that he was improperly sentenced because one of the prior convictions in the State’s motion to amend, alleged to have occurred in 1991, did not, in fact, exist. Craft had previously raised this issue with the trial court by motion and the court had responded by an order clarifying the fact that, whether or not Craft was eligible for enhanced sentencing or sentencing as a habitual offender, he did not plea to those allegations and was not sentenced under either of these statutes so that Craft’s assertion was irrelevant. Despite this previous clarification, Craft persisted in maintaining in his post-conviction relief motion that he had been *587 improperly sentenced. The trial court denied relief, pointing out the factual inaccuracy of Craft’s position that had previously been explained to him. Craft has now appealed that denial of relief to this Court.
¶ 3. For the first time on appeal, Craft attempts to assert a claim that he was coerced into pleading guilty by threats from the prosecution that, if he did not accept the plea recommendation, the State would seek to have him subjected to a one-hundred-year sentence. That matter was not presented to the trial court in Craft’s motion and is not, therefore, properly before us for consideration. Jones v. State, 606 So.2d 1051, 1058 (Miss.1992).
¶ 4. Craft, as the movant in this proceeding, had the burden of showing facts that would support his claim to relief. Miss.Code Ann. § 99-39-23(7) (Rev.2000); Moore v. State, 587 So.2d 1193, 1196 (Miss. 1991). The only claim properly before us is that Craft was wrongfully sentenced, either under the enhancement provisions of Section 41-29-147 or as a habitual offender under Section 99-19-81. Insofar as the record before us shows, Craft was sentenced to less than the maximum sentence provided by statute for the three offenses on which he entered a guilty plea and there is no indication that his prospective period of incarceration has been affected in any manner by either of the cited statutes providing for greater punishment for certain repeat offenders.
¶ 5. Even if we assume the truth of Craft’s contention that the amendment was factually inaccurate in describing an alleged prior conviction, the issue was rendered moot by Craft’s entry of a plea restricted to the three newly alleged offenses, without any reference in his plea or in his resulting sentence to any enhanced punishment based upon prior criminal activity on his part.
¶ 6. The trial court did not err in denying Craft’s claim for post-conviction relief.
f 7. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.