878 So.2d 111 (2003)
Larry D. HARDIN a/k/a "Peter Rabbit", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-00654-COA.
Court of Appeals of Mississippi.
October 21, 2003.
Rehearing Denied January 13, 2004.
Certiorari Denied July 6, 2004.
*112 Jamie McBride, Jackson, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., LEE, IRVING and GRIFFIS, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. In August 1997, Larry Hardin pled guilty to sale of cocaine and was sentenced to serve ten years' imprisonment with seven years suspended. In September 1999, he was released from prison to serve the suspended portion of his sentence. In June 2000, after Hardin had been arrested and charged with involvement in a May 2000 drug sale, the Adams County Circuit Court revoked Hardin's suspension and ordered him to prison to serve the remainder of his sentence. The latter drug charges were ultimately dismissed in February 2001, and Hardin filed a motion for post-conviction relief in January 2002, which was denied in March 2002. He now appeals to this Court arguing that the circuit court erred in failing to set aside its order revoking his post-release supervision. We review his argument but find no merit; thus, we affirm.

DISCUSSION

I. DID THE CIRCUIT COURT ERR IN FAILING TO SET ASIDE ITS ORDER TO REVOKE THE APPELLANT'S POST-RELEASE SUPERVISION?
¶ 2. In his sole issue, Hardin argues the trial judge erroneously revoked his probation when the charge that was the basis for such revocation was dismissed. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Golmon v. State, 844 So.2d 1178(¶ 2) (Miss.Ct.App.2003).
¶ 3. In reviewing the transcript from the post-conviction relief hearing, we find that the judge did not err. Hardin cites the rule that a conviction is not necessary to revoke probation, but probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. McClinton v. State, 799 So.2d 123(¶ 9) (Miss.Ct.App.2001). Hardin claims that evidence was not produced to show he more likely than not violated his probation. We disagree.
¶ 4. At the revocation hearing, Officer Charles Sims, who was Hardin's post-release supervisor, testified that the terms of Hardin's probation required, in part, that he not commit any crime, of which sale of cocaine would qualify. Narcotics Officer *113 David Lindsey testified that he participated in an undercover sting operation in which he monitored a drug buy from Hardin to an undercover informant. Officer Lindsey testified that after the buy, Hardin fled from the officers first by car then on foot, dropping the money and more cocaine along the way. The following day, Hardin turned himself in to the police and confessed to the sale. The judge reasoned that the evidence clearly showed Hardin was in violation of his probation and, therefore, the judge revoked Hardin's probation.
¶ 5. Later, Hardin filed a petition for post-conviction relief alleging that since he had not been found guilty of sale of cocaine, the basis for revocation of his probation failed to exist; thus, he should be released from prison. At the hearing on Hardin's petition for post-conviction release, the prosecutor explained that since Hardin's probation had been revoked and, at that time, since he was in prison serving the remainder of his term for the previous charge, the State found no sense in pursuing the charges of sale of cocaine against Hardin. The judge concluded that Hardin's probation was not revoked for guilt of another crime, but was revoked because extensive evidence was produced to show that Hardin violated the terms of his probation in participating in the sale. As recited earlier, probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Id. The trial judge based his decision for revocation on this premise, and the judge reviewing Hardin's petition for post-conviction relief found no error. We, likewise, find no error in the denial of post-conviction relief and affirm.
¶ 6. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.