908 So.2d 900 (2005)
Ashley R. JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00767-COA.
Court of Appeals of Mississippi.
August 16, 2005.
*902 Ashley R. Johnson, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Ashley R. Johnson pled guilty to shooting into a dwelling house, count I, and manslaughter, count II. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections for count I and twenty years for count II. The sentences are to run consecutively. Johnson was further ordered to pay $252.50 in court costs and a 2% bond fee.
¶ 2. Johnson filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Johnson asserts the following errors: (1) the trial court erred in imposing the maximum penalty, (2) his guilty plea was not knowing or voluntary, and (3) he received ineffective assistance of counsel. We find no error and affirm.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ANALYSIS

I. Did the trial court err in imposing the maximum penalty?
¶ 4. Johnson contends that the trial court erred in imposing the maximum penalty for the crimes committed. It is well settled law that sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Wall v. State, 718 So.2d 1107, 1114 (¶ 29) (Miss.1998).
¶ 5. Mississippi Code Annotated Section 97-37-29 (Rev.2000) states that upon conviction of shooting into a dwelling house, the defendant "shall be punished by imprisonment in the state penitentiary for a term not to exceed ten (10) years, or by imprisonment in the county jail for not more than one (1) year, or by fine of not more than five thousand dollars ($5,000.00), or by both such imprisonment and fine, within the discretion of the court." Mississippi Code Annotated Section 97-3-25 (Rev.2000) states that upon conviction of manslaughter, the defendant "shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or in the penitentiary not less than two years, nor more than twenty years." Johnson's sentence, of ten years for shooting into a dwelling house and twenty years for manslaughter, was within the statutory guidelines. Normally, a sentence consistent with the statutory parameters will not be disturbed. Corley v. State, 536 So.2d 1314, 1319 (Miss.1988).
¶ 6. Johnson further contends that his sentence was unusually harsh because he is a first time offender. However, just because a defendant is convicted of a felony for the first time does not preclude a maximum sentence. Nichols v. State, 826 So.2d 1288, 1292 (¶ 16) (Miss.2002).
*903 ¶ 7. Johnson also argues that "the maximum penalty was imposed upon him due to the improper influence of court staff who personally knew the victim's family." He claims that the "relationship between the trial judge and her court staff had an influence on her judgement [sic]." However, there is no proof in the record of improper influence. In a motion for post-conviction relief, the movant must support his motion by proof. Gordon v. State, 349 So.2d 554, 555 (Miss.1977). Absent proof in support of a motion, the trial court's decision is presumed correct. Id. Because Johnson failed to establish that the facts he asserts support his argument, the trial court must be deemed correct in its decision.
¶ 8. Since Johnson's sentence was within the statutory guidelines, the trial court did not err in sentencing Johnson to the maximum penalty. Therefore, this issue is without merit.

II. Was Johnson's guilty plea knowing and voluntary?
¶ 9. Johnson argues that his guilty plea was not knowing or voluntary because he was not fully advised of an open plea. However, when asked by the trial judge if he understood what an open plea was, Johnson responded, "Yes, ma'am." Furthermore, at the beginning of the plea hearing, the trial judge told Johnson the following, "I'm going to ask you a number of questions. I want you to speak up when you respond. If you do not understand what I am saying, I want you to stop me, let me know, and I will repeat and/or explain it. If you need to speak with Attorney Hollowell before you answer my questions, if you let me know that will be allowed."
¶ 10. Johnson argues that the open plea was breached since the victim's family was able to testify and request that he receive the maximum sentence. However, the victim's family had the right to testify at the sentencing hearing. The requests by the victim's family for the maximum penalty did not constitute a sentencing recommendation. In an open plea, the trial court has discretion to sentence within the minimum and maximum guidelines provided by law. Johnson's sentence was within the statutory parameters.
¶ 11. The record shows that Johnson pled guilty to both counts. The trial court advised Johnson of the rights he waived by pleading guilty and the nature of the charges. The trial court determined that no one coerced or promised Johnson anything in exchange for his plea and that Johnson knew it was an open plea with a maximum sentence of ten years for count I and twenty years for count II.
¶ 12. Upon review, we find that Johnson's guilty plea was knowing and voluntary. Therefore, this issue lacks merit.

III. Did Johnson receive ineffective assistance of counsel?
¶ 13. The standard applied to claims of ineffective assistance of counsel were first articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, Johnson must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Johnson. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 14. Johnson claims his counsel was deficient because his attorney misinformed him about the duration of his sentence. Johnson claims his attorney told him he would not receive the maximum penalty, an accusation Johnson's attorney denies. *904 There is nothing in the record to support Johnson's accusation. The record does show that the trial court advised Johnson of the maximum sentence he could receive for both counts.
¶ 15. Johnson further argues that his lawyer was deficient since he failed to object to the victim's family's testimony. However, the family had the right to be present at the sentencing hearing and to be heard. Despite Johnson's contention, attorney Perkins was not a prosecutor working on behalf of the State. Instead, he was a private attorney retained by the victim's family to represent their interests during the sentencing hearing.
¶ 16. Since the victim's family had the right to be present and to be heard, Johnson's counsel's decision not to object is not ineffective assistance of counsel. Therefore, this issue lacks merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.