GRIFFIS, J.,
for the Court.
¶ 1. Anthony Dewayne Johnson appeals the decision of the Chickasaw County Circuit Court denying his petition for an order to show cause. On appeal, he asserts the following issues: (1) whether Mississippi Department of Corrections (“MDOC”) field officer Garry Moore violated Mississippi Code Annotated Section 47-5-1003 (Rev.2004); (2) whether a MDOC disciplinary officer violated his due process rights by postponing his disciplinary hearing; (3) whether E.L. Sparkman violated his rights by failing to ensure that *124 his appeal was properly processed; (4) whether his constitutional right of access to the courts was violated; and (5) whether there is sufficient evidence to show that he violated the rules and regulations regarding house arrest. We find no error and affirm.
FACTS
¶ 2. On January 28, 2002, Johnson pled guilty to possession of marijuana with intent to distribute. Johnson was sentenced to serve ten years in the custody of the MDOC and was placed in the Intensive Supervision/House Arrest Program (“ISP”) for one year. According to the sentencing order, if Johnson successfully completed the program, the remainder of his sentence was to be suspended, and he was to be placed on five years post release supervision. However, if Johnson failed to successfully complete the program he was to be placed in the general prison population to complete his full ten year sentence.
¶ 3. On July 26, 2002, MDOC field officer Garry Moore issued the following Rule Violation Report (“RVR”) to Johnson:
On the 26th day of July Offender Johnson MDOC # K9713 was arrested by Officer Brian Ely of the Mississippi Bureau of Narcotics for the sale of a controlled substance, marijuana. During a home visit to Offender Johnson’s home 10,000 dollars in cash was found along with a set of scales and a duffle bag containing a small amount of a green substance which appeared to be marijuana. $1,500 in cash was found in this offender’s vehicle in the driveway of his home.
On September 5, 2002, an ISP revocation hearing was held and Johnson was found guilty of the sale of a controlled substance. Johnson’s ISP status was revoked, and he was placed in the general prison population to complete the remainder of his ten year sentence.
¶ 4. On February 18, 2003, Johnson entered into an order with the State wherein the State agreed not to pursue an indictment on the pending charge of sale of a controlled substance. In exchange, Johnson agreed to forfeit the $10,000 found in his home to the Mississippi Bureau of Narcotics.
¶ 5. Subsequently, Johnson filed a “Petition for an Order to Show Cause” which the trial court treated as a motion for post-conviction relief. The trial court denied Johnson’s motion, and he now appeals to this Court.
STANDARD OF REVIEW
¶ 6. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002).
ANALYSIS

I. Whether MDOC field officer Garry Moore violated Mississippi Code Annotated Section 47-5-100$ (Rev. 2004).

¶ 7. Johnson contends that MDOC Officer Garry Moore violated Mississippi Code Annotated Section 47-5-1003 (Rev.2004) by failing to arrest him at the time the violation occurred. However, Johnson failed to raise this issue in the lower court. Issues not raised in the lower court cannot be raised for the first time on appeal. Davis v. State, 684 So.2d 643, 658 (Miss.1996).
¶ 8. Nevertheless, we will consider Johnson’s claim. Mississippi Code Annotated *125 Section 47-5-1008(3) (Rev.2004) states the following:
To protect and to ensure the safety of the state’s citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Mississippi Department of Corrections. Such offender is under the full and complete jurisdiction of the department and subject to removal from the program by the classification hearing officer.
¶ 9. Johnson claims the RVR is arbitrary and capricious since Officer Moore did not immediately arrest him upon finding the cash and drugs, but instead waited for a Mississippi Bureau of Narcotics agent to arrive. However, nothing in Mississippi Code Annotated Section 47-5-1003(3) (Rev.2004) prohibits an agent with the Mississippi Bureau of Narcotics from arresting an offender when drugs are involved. The statute does not state that the arresting officer must be a correctional field officer. It simply states that the offender shall be arrested by a correctional field officer. The purpose of the statute is “[t]o protect and to ensure the safety of the state’s citizens.” Johnson was never out of Officer Moore’s sight once the drugs and money were found. Furthermore, the RVR was issued the same day as the arrest, and Johnson was taken into MDOC custody. Thus, this issue lacks merit.

II. Whether a MDOC disciplinary officer violated Johnson’s due process rights by postponing his disciplinary hearing.

¶ 10. Johnson argues that his due process rights were violated since a MDOC hearing officer postponed[1] his disciplinary hearing twice. MDOC allows for a hearing to be postponed for cause. The record shows that the hearings were postponed pending further investigation and further documentation from the field officer. Upon review, we find these reasons were sufficient to postpone the hearing. Therefore, this issue is without merit.

III. Whether E.L. Sparkman violated Johnson’s rights by failing to ensure that his appeal was properly processed.

¶ 11. Johnson asserts that E.L. Sparkman violated his rights by failing to ensure that his RVR appeal was properly processed through the Administrative Remedies Program (“ARP”). However, there is nothing in the record that indicates Johnson filed his appeal with the ARP. Johnson attached a number of exhibits to his brief to this Court. Among these is a document entitled “Rule Violation Report Appeal and Request for Administrative Remedy.” However, this appeal is not found in the record. Furthermore, the appeal is dated December 30, 2002, which is over three months after Johnson was found guilty on the RVR. Thus, Johnson’s appeal was untimely.
¶ 12. Johnson argues that he wrote letters to Mr. Sparkman regarding his appeal. However, Mr. Sparkman had no duty to make sure Johnson followed proper ARP procedures. Because the record does not show that Johnson timely filed a formal grievance with the ARP, this issue is without merit.

TV. Whether Johnson’s constitutional right of access to the courts was violated

¶ 13. Johnson argues that his constitutional right of access to the courts was *126 violated since the ARP Administrator did not respond to his ARP appeal. Johnson claims he appealed his RVR to the ARP on September 17, 2002, but did not receive a response until eight months later when the ARP informed him that his appeal had been rejected.
¶ 14. The record does not contain any documentation of this appeal. We are limited by the record before us on appeal. Facts alleged to exist by Johnson must be proved and placed before this Court by a certified record as required by law; otherwise, we cannot know of their existence. Phillips v. State, 421 So.2d 476, 478 (Miss.1982). As discussed previously, the only documentation of an appeal was dated December 30, 2002, which was well after the thirty day deadline. Because Johnson failed to attach any documentation of his appeal on September 17, 2002, the decision of the trial court must be deemed correct. Therefore, we find no error.

V Whether there is sufficient evidence to show that Johnson violated the rules and regulations regarding house arrest.

¶ 15. Johnson contends that no evidence exists to support his revocation from ISP. He claims he had a right to possess large amounts of cash and that the set of scales found by the officers were used by his family’s business to weigh meats, fruits and vegetables. Johnson argues that since there was an explanation for the items and since the indictment was dismissed, the decision to revoke him from ISP was arbitrary and capricious. When probation is revoked based on a new arrest, probation need not be reinstated because the new charges are dismissed if the evidence shows that it is more likely than not that the offender violated the terms of his probation. Hardin v. State, 878 So.2d 111, 112(¶ 3) (Miss.Ct.App.2003).
¶ 16. Here, the field officer found a bag containing a substance which appeared to be marijuana in Johnson’s house, along with $10,000 in cash and a set of scales commonly used in the drug trade. Another large amount of cash was found in a vehicle in Johnson’s driveway. Johnson was arrested for the sale of a controlled substance. He subsequently entered into an order agreeing to forfeit the $10,000 in cash in exchange for dropping the indictment. The mere dismissal of the new charges against Johnson is not sufficient to prove that Johnson’s removal from ISP was arbitrary and capricious. Furthermore, the evidence shows that it was more likely than not that Johnson violated the terms and conditions of his probation. Thus, we find no error.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING JOHNSON’S PETITION FOR AN ORDER TO SHOW CAUSE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR.

. In his brief to this Court, Johnson refers to the postponement as "putting the hearing under duress.”