IRVING, J.,
for the Court:
¶ 1. Michael Council was convicted of robbery and sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Eleven years of the sentence was suspended. After serving the remaining four years, Council was released from the MDOC on post-release supervision (PRS). Shortly thereafter, Council’s PRS was revoked. Council filed a motion for post-conviction relief in the Forrest County Circuit Court, arguing *257 that there was insufficient evidence to support the revocation. The circuit court found that it lacked jurisdiction and dismissed Council’s motion:
¶ 2. We find that the circuit court erred in determining that it lacked jurisdiction. Therefore, we reverse and remand.
FACTS
¶ 3. In 2004, Council was convicted of robbery and sentenced to fifteen years in the custody of the MDOC, with four years to serve. Council served those four years and was then released on PRS. On April 25, 2007, the circuit court revoked Council’s PRS and sentenced Council to serve the remaining eleven years.
¶ 4. The basis of the revocation was Council’s arrest for delivery of a controlled substance to a correctional facility.[1] Council was arrested with Jackson, a felon. At the revocation hearing, which included several defendants, Council waived his right to a full hearing. The circuit court then allowed the State to present the evidence supporting revocation. The following represents nearly the entirety of Council’s revocation hearing:
[COURT]: Each of you is before the Court on a petition for revocation of your probation or post-release supervision. Are you satisfied with the administrative notice and hearing requirements afforded to you thus far?
[[Image here]]
[COUNCIL]: Yes, sir.
[[Image here]]
[COURT]: At this stage[,] you are entitled to a formal hearing wherein the State of Mississippi would call your supervising officer to testify as to the alleged violations, or you can waive that formal hearing and the alleged violations will simply be read to you, and I will ask you if you admit or deny the same. Do you desire to have a formal hearing, or do you want to waive that formal hearing?
⅜ ⅜ *
[COUNCIL]: Waive.
[[Image here]]
[COURT]: What can the State show in Mr. Council’s case? Mr. Council, did you want a formal hearing, or do you want to waive the formal hearing?
[COUNCIL]: I want to waive it.
[COURT]: Okay.
[PROSECUTOR]: Your Honor, the State would show that one of the conditions of Michael Council’s probation was that he commit no offenses against the laws of this state or any other state, and he was arrested and has been charged in Marion County with the crime of delivery of a controlled substance to a correctional facility.
[COURT]: Do you admit you were charged with that?
[COUNCIL]: I was charged with it.
[PROSECUTOR]: Another condition, Your Honor, was that he avoid injurious or vicious habits and persons and places of disreputable conduct, and he was arrested with another inmate by the name of Jermaine Jackson, who is a convicted felon.
[COURT]: Do you admit or deny that?
[COUNCIL]: Yes, sir.
[COURT]: Anything you want to say?
[COUNCIL]: At the time that charge was committed, I basically was in the *258 blind. I didn’t know what was going on at the time, and I think I tried to explain to the people at the time they picked us up, but, you know, Your Honor, they never — they didn’t want to believe half of what I was saying. They still arrested me on the charge.
[COURT]: Was this when you were with Jermaine Jackson?
[COUNCIL]: Yes, sir.
[COURT]: Anything else?
[COUNCIL]: And, you know, at the time I didn’t know Jermaine Jackson was on paper. I didn’t know anything about that. I didn’t think I wasn’t just hanging around like that at the time, sir.
[COURT]: Anything else?
[COUNCIL]: No, sir.
[COURT]: I find you are in violation of the terms and conditions of your post-release supervision and hereby revoke the same. I sentence you to eleven years, Mississippi Department of Corrections.
The State offered no other evidence in support of Council’s revocation.
¶ 5. On July 9, 2009, Council filed a motion in the circuit court, alleging that there was an insufficient factual basis for the revocation of his PRS. In the motion, Council stated that he had just met Jackson when he was arrested with him and that he did not know that Jackson was a convicted felon. On July 22, 2009, the circuit court dismissed the motion on the ground that the court lacked jurisdiction to hear the motion. On August 6, 2009, Council filed a notice of appeal of the circuit court’s dismissal.
¶ 6. Additional facts, if necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. When reviewing a circuit court’s denial or dismissal of a motion for post-conviction relief, we will reverse the judgment of the circuit court only if its factual findings are “clearly erroneous”; however, we review the circuit court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009). Council must show “ ‘by a preponderance of the evidence’ that he is entitled to relief.” Id. (quoting Miss.Code Ann. § 99-39-23(7) (Rev.2007)).
¶ 8. There was insufficient evidence to support the revocation of Council’s PRS. At the hearing, the State essentially offered only evidence that Council had been charged with delivering a controlled substance to a correctional facility, and Council admitted that he had been so chai’ged. Council did not admit to committing the offense with which he had been charged, nor did he admit knowing that Jackson was a convicted felon. According to Council, he was “in the blind” as to what was going on at the time of his arrest.
¶ 9. The State argues that “probation need not be reinstated simply because the new charges are dismissed if the evidence shows that it is more likely than not that the offender violated the terms of probation.” The State cites this Court’s opinion in Hardin v. State, 878 So.2d 111 (Miss.Ct.App.2004) as support. The circumstances in Hardin were markedly different from those in the present case. In Hardin, Larry Hardin’s probation was revoked after he was charged with sale of cocaine, a charge that was later dismissed. Id. at 112 (¶ 1). We affirmed, finding that there was sufficient evidence to support the revocation, regardless that the charges against Hardin were later dismissed. We noted that the following evidence supported the revocation:
*259 Narcotics Officer David Lindsey testified that he participated in an undercover sting operation in which he monitored a drug buy from Hardin to an undercover informant. Officer Lindsey testified that after the buy, Hardin fled from the officers first by car then on foot, dropping the money and more cocaine along the way. The following day, Hardin turned himself in to the police and confessed to the sale.
Id. at 112-13 (¶ 4). There is no such evidence to support Council’s revocation. If the State had such evidence, it failed to offer it.
¶ 10. Council’s post-conviction motion should have been treated as a motion for post-conviction relief. As such, the motion was properly filed in the Forrest County Circuit Court. Miss. Code Ann. § 99-39-7 (Supp.2009). The circuit court erred in dismissing the motion on the ground that it was filed in the wrong county. In as much as we have found the evidence insufficient to support the revocation of Council’s PRS, it might appear at first blush that we should reverse and render. We decline to do so for two reasons. First, the charges may still be pending against Council, and we do not want to limit the State on remand from proceeding in any way it deems appropriate. Second, we note that Council waived the right to a formal revocation hearing. It is not clear to us whether that meant he admitted the petition or simply that he was not requiring the State to prove its case by the production of witnesses to the charge. If it was Council’s intention to do the latter, the State still would have been required to present a factual basis to the circuit court to support the revocation. For these reasons, we reverse and remand for further proceedings as the State deems appropriate. Nothing contained in this opinion should be interpreted on remand as a finding by this Court precluding or permitting any defenses which Council may offer to any further proceedings emanating out of the charges underlying this appeal.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. It is not clear whether the charges were dismissed after the revocation of Council’s PRS. The record contains an order for nolle prose of a charge against Council and Jermaine Jackson, but it does not specify the charges that are being nolle prossed.