*1201 LEWIS, J.,
dissenting.
While I recognize that this Court has the authority to impose fines for ethical violations committed by judges and judicial candidates, I continue to oppose the utilization of large fines to punish serious violations of the Code of Judicial Conduct. See In re Pando, 908 So.2d 902, 904-05 (Fla.2005) (Lewis, J., specially concurring); In re Kinsey, 842 So.2d 77, 99 (Fla.2003) (Lewis, J., concurring in part, dissenting in part). Faith and confidence in our judicial system is rooted in the ability to rely upon the integrity and independence of our judges. That confidence is severely undermined when an ethical transgression of a judge or judicial candidate is so severe that it justifies the imposition of a fine of this magnitude. See In re Kinsey, 842 So.2d at 99 (Lewis, J., concurring in part, dissenting in part) (concluding that “if the actions are so reprehensible that the majority believes the imposition of a $50,000 fine is justified, those actions must certainly justify removal from the office so tainted. Selecting an enormous fine as discipline only sends the message that ‘anything goes’ in judicial elections if a candidate has the financial ability to pay the monetary consequences.”).